IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES KEVIN BLACKERBY, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-14-CA-485-LY |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 10). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.**    **Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number D-1-DC-09-

9041147.  This case concerns two convictions related to a single incident in which Petitioner was involved in a fatal motor vehicle accident.  The Austin Court of Appeals described the procedural history as follows:

> This case arises from a fatal motor vehicle accident. Appellant was arrested for felony driving while intoxicated (DWI) on August 2, 2008, the date of the accident. See TEX. PENAL CODE ANN. §§ 49.04, .09(b) (West Supp. 2012). He pleaded guilty to that offense, and the trial court sentenced him to four years in prison, probated to the same term of community supervision. In May 2009 appellant was arrested on a warrant issued on the State's motion to revoke his supervision. While appellant was incarcerated awaiting the revocation hearing, the State indicted and arrested him for manslaughter, intoxication manslaughter, and criminally negligent homicide arising out of the same incident as the DWI. See id. §§ 49.08, 19.04, 19.05 (West 2011). In August 2010, the trial court entered a judgment revoking appellant's community supervision for felony DWI and imposing a three-year sentence. Appellant simultaneously accepted a plea agreement in which he pleaded guilty to the sole charge of intoxication manslaughter.FN1 Under this agreement, the trial court would sentence him to ten years' imprisonment, probated to six years of community supervision. Because the community supervision period for intoxication manslaughter was to run consecutive to appellant's three-year prison sentence for felony DWI, sentencing was delayed until appellant was paroled on the DWI charge.
>
> > FN1. Pursuant to the plea bargain, the State waived the remaining counts charging manslaughter and criminally negligent homicide.
>
> Appellant was granted parole on the DWI sentence in December 2010. At the sentencing hearing on the intoxication manslaughter charge, the trial court assessed punishment in accordance with the plea agreement: ten years' imprisonment, suspended, and placement on community supervision for a term of six years. In February 2011, the State moved to revoke appellant's community supervision on that charge for several failures to comply with supervision conditions. The trial judge conducted a hearing in March 2011, found that the State proved "at least" three of the grounds alleged in the motion to revoke, and entered a judgment revoking appellant's community supervision and assessing a sentence of eight years' imprisonment.

Blackerby v. State, No. 03-11-00273-CR, 2012 WL 6097306, at *1 (Tex. App. – Austin Dec. 5, 2012, no pet.).  After modifying the judgment to correct a clerical error, the Third Court of Appeals affirmed Petitioner's intoxication manslaughter judgment.  Petitioner did not file a petition for

discretionary review. Petitioner also did not file a direct appeal with regard to his DWI conviction. Petitioner did, however, file two state applications for habeas corpus relief challenging his intoxication manslaughter conviction. The first application was filed by counsel on December 13, 2012. The Texas Court of Criminal Appeals dismissed the application without written order on March 27, 2013, because Petitioner's direct appeal was still pending. Ex parte Blackerby, Appl. No. 79,150-01. The second application was filed by counsel on February 22, 2013. The Texas Court of Criminal Appeals denied the application without written order on May 22, 2013. Id. at -02.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His attorney for his prior DWI plea bargain rendered ineffective assistance by failing to secure an agreement that barred prosecution of other offenses arising out of the same incident; and

2. His guilty plea was involuntary due to counsel's failure to inform him of possible future charges during the prior DWI case.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Instead, Respondent claims Petitioner's application is time-barred.

## II.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's order probating his original sentence for intoxication manslaughter became final, at the latest, on or about January 14, 2011.  See TEX. R. APP. P. 26.2(a); United States v. Vasquez, 298 F.3d 354, 359 (5th Cir. 2002) (finding a deferred- adjudication probation and revocation of that probation becomes final for federal sentencing enhancement purposes when time for filing notice of appeal passes or if appealed, when appeal is affirmed and no further review is possible); Tharpe v. Thaler, 628 F.3d 719 (5th Cir. 2010) (holding a deferred-adjudication order and a judgment of conviction and sentence are two separate and distinct judgments). In addition, the factual predicate of Petitioner's claims presented could have been discovered through the exercise of due diligence

no later than the date his conviction became final.[1]  Therefore, Petitioner had until January 14, 2012, to timely file a federal application challenging his probation order.  Petitioner executed his federal application on May 22, 2014, more than two years after the expiration of the limitations period.  Petitioner's first state application for habeas corpus relief did not operate to toll the limitations period, because it was not properly filed.  Artuz v. Bennett, 531 U.S. 4, 8 (2000); Larry v. Dretke, 361 F.3d 890, 895 (5th Cir.), cert. denied, 543 U.S. 893 (2004).  Petitioner's second state application for habeas corpus relief also did not toll the limitations period, because it was filed after the limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

---

[1] This is being very generous, since Petitioner clearly became aware of the fact that his prior DWI plea did not foreclose additional prosecutions when he learned of the second indictment, which would have been in May 2009.


December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of October, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE